UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

AKANIYENE WILLIAM ETUK,

                     Plaintiff,

-against-

NEW YORK CITY POLICE DEPT.;
BROOKDALE UNIVERSITY HOSPITAL;
CIVILIAN COMPLAINT REVIEW BOARD;
JOHN DOE OFFICERS 1-10,

                     Defendants.

24-CV-4955 (LTS)

TRANSFER ORDER

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff, who resides in Brooklyn, Kings County, New York, brings this *pro se* action alleging that John Doe police officers from the New York City Police Department ("NYPD") "approached" him at his Brooklyn residence "with guns drawn" and placed him "in handcuffs without any slack[.]" (ECF 1, at 8.) He also alleges that officers transported him to Brookdale University Hospital ("Brookdale), also located in Brooklyn. Following these alleged events, Plaintiff filed a complaint with the Civilian Complaint Review Board ("CCRB"). Named as Defendants are the John Doe police officers, the NYPD, Brookdale, and the CCRB. For the following reasons, this action is transferred to the United States District Court for the Eastern District of New York.

## DISCUSSION

**A.**     **General Venue Provision**

Under 28 U.S.C. § 1391(b), a civil action may be brought in

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred . . . ; or (3) if there is no district in which an action may otherwise be

brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

For venue purposes, a "natural person" resides in the district where the person is domiciled, and an "entity with the capacity to sue and be sued" resides in any judicial district where it is subject to personal jurisdiction with respect to the civil action in question. *See* 28 U.S.C. § 1391(c)(1), (2).

Plaintiff alleges that Defendants violated his rights in Brooklyn, Kings County, New York. He names two New York City agencies, the NYPD and the CCRB, neither of which have the capacity to be sued. *See* N.Y. City Charter ch. 17, § 396 ("[A]ll actions and proceedings for the recovery of penalties for the violation of any law shall be brought in the name of the city of New York and not in that of any agency, except where otherwise provided by law."); *Jenkins v. City of New York*, 478 F.3d 76, 93 n.19 (2d Cir. 2007); *see also Emerson v. City of New York*, 740 F. Supp. 2d 385, 396 (S.D.N.Y. 2010) ("[A] plaintiff is generally prohibited from suing a municipal agency."). Assuming these claims were construed as asserted against the City of New York, which is located in this District for venue purposes, this District might be a proper venue for this action under Section 1391(b)(1). The Court cannot conclude that venue is proper, however, because Plaintiff cannot plead the residence of any of the John Doe defendants.

The Court can conclude that venue is proper in the Eastern District of New York under Section 1391(b)(2) because the alleged events giving rise to Plaintiff's claims primarily occurred in Brooklyn, Kings County, which falls within the Eastern District of New York. *See* 28 U.S.C. § 112. Plaintiff alleges that the John Doe officers approached him at his Brooklyn residence and transported him to a Brooklyn hospital. His allegations regarding the CCRB complaint do not involve a substantial part of the events giving rise to his claims.

B.     **Transfer in the Interest of Justice**

Even if the Court were to assume that venue is proper in this District, under 28 U.S.C. § 1404(a), the Court may transfer the case to any other district where it might have been brought "[f]or the convenience of parties and witnesses, in the interest of justice." 28 U.S.C. § 1404(a).

In determining whether transfer is appropriate, courts consider the following ten factors: (1) the convenience of witnesses; (2) the convenience of the parties; (3) the locus of operative facts; (4) the availability of process to compel the attendance of the unwilling witnesses; (5) the location of relevant documents and the relative ease of access to sources of proof; (6) the relative means of the parties; (7) the forum's familiarity with the governing law; (8) the weight accorded to the plaintiff's choice of forum; (9) trial efficiency; and (10) the interest of justice, based on the totality of circumstances. *Keitt v. N.Y. City*, 882 F. Supp. 2d 412, 459-60 (S.D.N.Y. 2011); *see also N.Y. Marine and Gen. Ins. Co. v. LaFarge No. Am., Inc.*, 599 F.3d 102, 112 (2d Cir. 2010) (setting forth similar factors).

A plaintiff's choice of forum is accorded less deference where the plaintiff does not reside in the chosen forum and the operative events did not occur there. *See Iragorri v. United Tech. Corp.*, 274 F.3d 65, 72 (2d Cir. 2001).

Under Section 1404(a), transfer appears to be appropriate in this case. The underlying events occurred in Brooklyn where Plaintiff resides and where it is reasonable to expect that relevant documents and witnesses would be located. The Eastern District of New York appears to be a more convenient forum for this action. Accordingly, the Court transfers this action to the United States District Court for the Eastern District of New York. 28 U.S.C. § 1404(a); *see D.H. Blair & Co. v. Gottdiener*, 462 F.3d 95, 106 (2d Cir. 2006) ("District courts have broad discretion

in making determinations of convenience under Section 1404(a) and notions of convenience and fairness are considered on a case-by-case basis.").

## CONCLUSION

The Clerk of Court is directed to transfer this action to the United States District Court for the Eastern District of New York. Whether Plaintiff should be permitted to proceed further without prepayment of fees is a determination to be made by the transferee court. A summons shall not issue from this Court. This order closes this case.

The Court certifies, under 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:   July 10, 2024
         New York, New York

/s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
Chief United States District Judge