UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------x

AKANIYENE WILLIAM ETUK,

                    Plaintiff,

       -against-

NEW YORK CITY POLICE DEPARTMENT et al.,

                    Defendants.

-------------------------------------x

AKANIYENE WILLIAM ETUK,

                    Plaintiff,

       -against-

CITY OF NEW YORK et al.,

                    Defendants.

-------------------------------------x

**MEMORANDUM & ORDER**
24-CV-5180(EK)(SDE)

**MEMORANDUM & ORDER**
24-CV-5985(EK)(SDE)

ERIC KOMITEE, United States District Judge:

       Akaniyene William Etuk alleges that he was unlawfully arrested and subjected to a forced period of hospitalization. His request to proceed *in forma pauperis* is granted. 28 U.S.C. § 1915. For the reasons set forth below, plaintiff's claims are partially dismissed.

## I.   Background

       Plaintiff filed two related cases in the Southern District of New York. After the first action was transferred

here, he amended the complaint. *See* Am. Compl. ("5180 Compl."), No. 24-CV-5180, ECF No. 10. He then filed a second action that was also transferred. *See* Compl. ("5985 Compl."), No. 24-CV-5985, ECF No. 1.

Both cases are based on the same events. Plaintiff alleges that in September 2022, police officers entered the apartment he sublet from Corey Copeland and "forcefully and unlawfully" removed him. 5985 Compl. 3-4. He was placed in handcuffs and taken to Brookdale Hospital, where he was forcibly injected with medication. *Id.* at 4; 5180 Compl. 4. Following his arrest, he contacted Copeland to get back his belongings from the apartment. 5985 Compl. 4-5. Copeland referred him to the police, who denied taking possession of Etuk's belongings. *Id.*

Plaintiff alleges a violation of his right to privacy, excessive force, violation of due process, false arrest, false imprisonment, intentional infliction of emotional distress, negligent infliction of emotional distress, and conversion. He seeks monetary damages.

## II.  Legal Standard

A district court will dismiss an *in forma pauperis* action when the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from

such relief."  28 U.S.C. § 1915(e)(2)(B).  At this stage, "the court's task is to assess the legal feasibility of the complaint."  *Lynch v. City of New York*, 952 F.3d 67, 75 (2d Cir. 2020).  In doing so, the court "must take the facts alleged in the complaint as true, drawing all reasonable inferences in [the plaintiff's] favor."  *In re NYSE Specialists Sec. Litig.*, 503 F.3d 89, 91 (2d Cir. 2007).

    *Pro se* complaints are "held to less stringent standards" than pleadings drafted by attorneys, and the court will read a *pro se* complaint liberally and interpret it to raise the strongest claims it suggests.  *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Sealed Plaintiff v. Sealed Defendant #1*, 537 F.3d 185, 191 (2d Cir. 2008).  Still, a *pro se* plaintiff is not exempt from "compliance with relevant rules of procedural and substantive law."  *Traguth v. Zuck*, 710 F.2d 90, 95 (2d Cir. 1983).  Thus, to survive at this stage, the complaint must plead sufficient "facts to state a claim to relief that is plausible on its face."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

    A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  Courts "are not bound to accept as true a legal conclusion couched as a

factual allegation," and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*

### III. Discussion

**A.   Consolidation**

Courts may consolidate actions that "involve a common question of law or fact." Fed. R. Civ. P. 42(a). Plaintiff's two actions are entirely based on the same facts; therefore, consolidation is proper. *Johnson v. Celotex Corp.*, 899 F.2d 1281, 1285 (2d Cir. 1990). The Clerk of the Court is directed to (1) consolidate these actions into the first filed case, No. 24-CV-5180, and (2) mark No. 24-CV-5985 closed. All future filings are to be docketed in No. 24-CV-5180.

**B.   Section 1983 Claims**

Etuk brings constitutional claims against all defendants, alleging "right to privacy" violations, excessive force, deprivation of due process, false imprisonment, and false arrest, all which we construe as brought under Rev. Stat. § 1979, 42 U.S.C. § 1983.

To state a claim under Section 1983, a plaintiff must allege two essential elements: "(1) that the defendants deprived him of a right secured by the Constitution or laws of the United States; and (2) that they did so under color of state law." *Giordano v. City of New York*, 274 F.3d 740, 750 (2d Cir. 2001).

4

The Constitution regulates only the conduct of state actors. *Ciambriello v. County of Nassau*, 292 F.3d 307, 323 (2d Cir. 2002).  A private party will be deemed a state actor only when "there is such a close nexus between the State and the challenged action that seemingly private behavior may be fairly treated as that of the State itself."  *Brentwood Acad. v. Tenn. Secondary Sch. Athletic Ass'n*, 531 U.S. 288, 295 (2001).

1.    Claims Against the CCRB and EMS

The claims against the CCRB and EMS cannot proceed because those bodies are not suable entities.  The New York City Charter provides that "all actions and proceedings for the recovery of penalties for violation of any law shall be brought in the name of the City of New York and not that of any agency except where otherwise provided by law."  N.Y.C. Charter ch. 17, § 396.  CCRB and EMS are both agencies of the City and therefore not suable.  *See Carmody v. City of New York*, No. 05-CV-8084, 2006 WL 1283125, at *2 (S.D.N.Y. May 11, 2006) (CCRB); *Petway v. City of New York*, No. 02-CV-2715, 2005 WL 2137805, at *3 (E.D.N.Y. Sep. 2, 2005) (EMS).  Moreover, even if we construe these claims as against the City, they fail as set forth below.  Plaintiff's federal claims against these defendants are thus dismissed.

2.    Claims Against the City of New York

The claims against the City of New York do not survive.  To hold a municipality liable under Section 1983, "a plaintiff is required to plead and prove three elements: (1) an official policy or custom that (2) causes the plaintiff to be subjected to (3) a denial of a constitutional" or other federal right.  *Lucente v. County of Suffolk*, 980 F.3d 284, 297 (2d Cir. 2020).  Plaintiff's allegations concern the actions of individual NYPD officers, and he does not plausibly allege that an official policy or custom of the City of New York caused any violation.  Thus, his federal claims against the City of New York are dismissed.

3.    Claims Against Brookdale Hospital

The claims against Brookdale — a private hospital — do not properly allege state action.  *Hall v. Brookdale Univ. Hops. & Med. Ctr.*, No. 18-CV-3290, 2018 WL 3421453, at *2 (E.D.N.Y. July 12, 2018) ("Brookdale is a private hospital . . . .").  In general, private hospitals are not proper Section 1983 defendants because they do not act under color of state law.  *White v. St. Joseph's Hosp.*, 369 F. App'x 225, 226 (2d Cir. 2010).  Plaintiff offers no plausible facts to suggest that Brookdale meets the state-action requirement of Section 1983.  *See McGugan v. Aldana-Bernier*, 752 F.3d 224, 229 (2d Cir. 2014) (reaffirming the principle that "forcible medication and

6

hospitalization . . . by private health care providers" cannot be attributed to the state).  Therefore, plaintiff's federal claims against Brookdale Hospital are dismissed.

    4.    Claims Against Corey Copeland

Plaintiff also alleges no facts to indicate that Copeland is anything other than his private landlord.  *See* 5985 Compl. 3-5.  Plaintiff has not plausibly alleged that Copeland acted under color of state law or conspired with another state actor who did so; therefore, plaintiff's federal claims against him are dismissed.  *See, e.g.*, *Grant v. Adult Protective Serv.*, No. 22-CV-775, 2022 WL 504409, at *6 (E.D.N.Y. Feb. 18, 2022).

    5.    Claims Against the John Doe Officers

Plaintiff's federal claims will proceed against the John Doe Police Officers, for now, once the Officers are identified.  In accordance with *Valentin v. Dinkins*, 121 F.3d 72 (2d Cir. 1997) (per curiam), the Court hereby directs that the Corporation Counsel of the City of New York ascertain the full name of the Officers who are alleged to have been involved in the September 17, 2022, incident at the subleased apartment, including the names of the Officers who entered the apartment and transported him to Brookdale Hospital.  The Corporation Counsel is to provide the full name(s) of the Officer(s) and the address(es) where these individuals can currently be served; the

government need not undertake to defend or indemnify these individuals at this juncture.

Pursuant to *Valentin*, Corporation Counsel is hereby directed to produce the information specified above to the Court within forty-five days from the date of this order.  Once the Officers are identified, plaintiff's complaint shall be deemed amended to reflect the full names of these individuals as defendants, summonses shall issue, and the Court shall direct the U.S. Marshals Service to serve these defendants.

## C.   State-Law Claims

Plaintiff also brings three state-law claims: conversion, against Copeland and the Officers; negligent infliction of emotional distress, against all defendants; and intentional infliction of emotional distress, against all defendants.  Because a federal claim proceeds, the state-law claims may also proceed for now.

## IV.  Conclusion

Plaintiff's federal claims against the City of New York, Emergency Medical Services, the Civilian Complaint Review Board, Corey Copeland, and Brookdale Hospital are dismissed for failure to state a claim upon which relief may be granted. Plaintiff is granted twenty-eight days from the date of this order to file a single, consolidated amended complaint bearing docket No. 24-CV-5180.  Any amended complaint should explain the

8

federal laws or constitutional provisions he believes were violated and clearly identify each defendant who violated such law.

The other claims may proceed as identified in this order.  Summons shall issue, and the U.S. Marshals Service shall direct service on the defendants.

The Clerk of Court is respectfully ordered to mail a copy of this Order to the Corporation Counsel, Special Federal Litigation Division, and mark such a mailing on the docket.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith and, therefore, *in forma pauperis* status, is denied for the purpose of an appeal.  *Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

_/s/ Eric Komitee_____
ERIC KOMITEE
United States District Judge

Dated:    June 15, 2026
          Brooklyn, New York